

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **HUGH A. ZUBER**<br>Assistant Corporation Counsel<br>phone: 212-442-0832<br>fax: 212-788-9776<br>email: hzuber@law.nyc.gov |

June 30, 2008



BY HAND
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, NY 10007

    Re: *John Meador v. Mayor Michael Bloomberg, et al.*, 08-CV-5214(RMB)(THK)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendants Mayor Michael Bloomberg, Raymond Kelly, the City of New York and the New York City Police Department. I am writing with the consent of plaintiff's counsel, Richard St. Paul, Esq., to request a sixty-day enlargement of time, from July 2, 2008 to September 2, 2008, within which this office may answer or otherwise respond to the complaint. This is the defendants' first request for an enlargement of time in this action.

    The plaintiff alleges, *inter alia*, violations of his constitutional rights when he was allegedly falsely arrested by police officers and maliciously prosecuted on those criminal charges. In addition to the aforementioned defendants, plaintiff purports to name Police Officer Gerald McCoy as a defendant.[1]

---

[1] Without appearing on behalf of Police Officer Gerald McCoy or making any representations with respect to service, I also respectfully request that the aforementioned Officer's time to answer or otherwise respond to the complaint be extended to September 2, 2008.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to § 160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal matter. Defendants cannot obtain these records without the designation, and without the records, defendants cannot properly assess this case or respond to the complaint.

Second, assuming plaintiff effected timely service of the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent other individually named defendants. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65(2d Cir. 1985) quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Lastly, an initial conference is currently scheduled for July 29, 2008. If the Court is inclined to grant the instant application, defendants also respectfully request that the initial conference be adjourned to a date convenient to the Court and after defendants have answered or otherwise responded to the complaint.

Accordingly, we respectfully request that: 1) defendants be granted a sixty day enlargement of time, from July 2, 2008 to September 2, 2008, to answer or otherwise respond to the complaint and 2) that the initial conference scheduled for July 29, 2008 be adjourned.

Thank you for your consideration of this matter.

Respectfully submitted,

Hugh A. Zuber (HZ 4935)
Assistant Corporation Counsel

Application granted. See Court's rules regarding the filing of motions. Conference adjourned to 9/2/08 at 9:00 a.m.

SO ORDERED:
Date: 7/1/08
Richard M. Berman, U.S.D.J.

2